UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

BOARD OF EDUCATION FOR THE :
LICKING COUNTY JOINT :
VOCATIONAL SCHOOL DISTRICT, :
 :
    Cross-claimant/Third Party Plaintiff, :
 :
vs. :
 : Case No. 2:10-CV-00462
KIMBALL ASSOCIATES, P.A., :
 : Jury Demand
    Cross-claim Defendant, :
 :
and :
 :
LEXINGTON INSURANCE COMPANY, :
 :
    Third Party Defendant. :

## MOTION TO DISMISS

COMES NOW Kimball Associates, P.A. ("Kimball"), improperly referred to as Cross-claim Defendant in the instant action, and by and through its undersigned counsel of record, submits this Motion to Dismiss pursuant to FRCP 12(B)(4-5) and states as follows:

    1.    On April 30, 2010, Cross-claimant/Third Party Plaintiff Board of Education for the Licking County Joint Vocational School District ("C-Tec") filed a pleading it styled a "Cross-Claim and Third Party Complaint" against Kimball and purported Third Party Defendant Lexington Insurance Company ("Lexington").

    2.    On May 24, 2010, the matter was removed to this Court.

    3.    The Cross-Claim and Third Party Complaint does not qualify as either a cross-claim or third party complaint under Ohio law.

4. As a result, the Cross-Claim and Third Party Complaint constitutes an initial pleading that must be served in accordance with Ohio Rule of Civil Procedure 4 and Ohio Rule of Civil Procedure 4.2.

5. The pleading failed to contain a summons as required by Ohio Rule of Civil Procedure 4.

6. In addition, C-Tec failed to properly serve the pleading in accordance with Ohio Rule of Civil Procedure 4.2.

7. Accordingly, this action should be dismissed pursuant to FRCP 12(b)(4) for insufficient process and pursuant to FRCP 12(b)(5) for insufficient service of process.

8. In support of this Motion, Kimball relies on the pleadings on file and its Brief in Support of Motion to Dismiss filed contemporaneously herewith.

WHEREFORE, Kimball requests as follows:

a. Dismissal of the action in its entirety against Kimball;

b. Court costs and attorneys' fees in responding to the action; and

c. Whatever other just relief this Court deems necessary.

This 28th day of May, 2010.

> Respectfully submitted,
>
> MANNION & GRAY CO., L.P.A.
>
> /s/ Todd A. Gray
> Todd A. Gray
> Ohio Bar No.: 0071568
> Colin P. Moeller
> Ohio Bar No.: 0077976
> 1300 E. 9th Street, Suite 1625
> Cleveland, Ohio 44114

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| BOARD OF EDUCATION FOR THE LICKING COUNTY JOINT VOCATIONAL SCHOOL DISTRICT, : : : : | |
| Cross-claimant/Third Party Plaintiff, : : | |
| vs. : : : | Case No. 2:10-CV-00462 |
| KIMBALL ASSOCIATES, P.A., : : | Jury Demand |
| Cross-claim Defendant, : : | |
| and : : | |
| LEXINGTON INSURANCE COMPANY, : : | |
| Third Party Defendant. : | |

**BRIEF IN SUPPORT OF MOTION TO DISMISS**

COMES NOW Defendant Kimball Associates, Inc., improperly referred to as "Cross-claim Defendant" in the instant action, and by and through its undersigned counsel of record submits this Brief in Support of Motion to Dismiss pursuant to FRCP 12(b)(4-5) and states as follows:

I. **INTRODUCTION**

Plaintiff Board of Education for the Licking County Joint Vocational School District ("C-Tec"), improperly referred to in its initial pleading in this matter as a "Cross-claimant/Third Party Plaintiff," failed properly to serve Defendant Kimball Associates, P.A. ("Kimball"), apparently arising from the erroneous presumption that C-Tec could simply institute a new

action against Kimball via cross-claim. As a result of C-Tec's error, C-Tec neither issued a Summons against Kimball in accordance with Ohio Rule of Civil Procedure 4, nor properly served a summons or its initial pleading in accordance with Ohio Rule of Civil Procedure 4.2. Accordingly, Kimball seeks dismissal of this action in its entirety.

II. **STATEMENT OF FACTS**

On April 30, 2010, C-Tec filed a pleading it styled a "Cross-Claim and Third Party Complaint" ("Cross-claim")[1] against Kimball and purported third-party defendant Lexington Insurance Company ("Lexington") in the Court of Common Pleas, Licking County, Ohio. This pleading never named a party plaintiff and excluded a civil action file number. See Cross-claim, p. 1. Moreover, C-Tec never sought leave from the Court of Common Pleas, Licking County, Ohio to file a cross-claim or third-party complaint in any previously filed action. Instead, C-Tec filed the Complaint, styled it as a cross-claim against Kimball, and then attempted to serve it by mailing a copy of it to Kimball's counsel without a summons. Id. at p. 23.

On May 24, 2010, Lexington, with Kimball's consent, filed a Notice of Removal pursuant to 28 USC §§ 1441 and 1446 based on diversity of citizenship. As a result, the action and this Motion to Dismiss come before this Court.

III. **ARGUMENT AND CITATION OF LEGAL AUTHORITY**

The "Cross-Claim and Third Party Complaint" filed by C-Tec on April 30 qualifies as a "complaint" and service of same must be accompanied by a summons and be served in accordance with Ohio law. C-Tec's failure to include proper process by omitting a summons as required by Ohio Rule of Civil Procedure 4 serves as grounds for dismissal under FRCP

---

[1] Kimball refers to the purported "Cross-Claim and Third Party Complaint" as a "Cross-claim" only for ease of reference and to avoid any confusion. As provided herein, this pleading fails to qualify as a cross-claim and should be referred to heretofore as a "complaint."

12(b)(4). C-Tec's failure to properly serve Kimball in accordance with Ohio Rule of Civil Procedure 4.2 serves as grounds for a dismissal pursuant to FRCP 12(b)(5).

### A. C-Tec's Initial Pleading Does Not Meet the Requirements for a Cross-Claim Against Kimball

The purported "Cross-Claim and Third Party Complaint" does not name a party plaintiff, and was not filed after seeking leave as required by Ohio law. Accordingly, the "Cross-Claim and Third Party Complaint" does not qualify as a "cross-claim" at all, but rather a "complaint" that requires proper service.

As an initial common sense conclusion, in order to constitute a "cross-claim" the alleged "cross-claimant" must first be subjected to ongoing liability from an existing plaintiff. On its face the purported "Cross-Claim and Third Party Complaint" does not even include a plaintiff. Id. p. 1. In fact, the style sets up exactly like an initial pleading or complaint, with C-Tec above the "versus" abbreviation in the place of a plaintiff, and Kimball and Lexington below the "versus" abbreviation in the place of defendants. Moreover, the body of this pleading fails to include any reference to any claims currently extant against either C-Tec or Kimball, such as you might find if a plaintiff was suing either C-Tec or Kimball. Accordingly, common sense dictates that the alleged "Cross-Claim and Third Party Complaint" is not a "cross-claim," but a "complaint" on its face.

In addition, Ohio law only permits a cross-claim against a "co-party," which Kimball and C-Tec cannot be absent a claim by an existing party against both Kimball and C-Tec. As a preliminary matter, Ohio law applies when evaluating service issues that arose prior to the removal of an action pursuant to 28 USC § 1446. Freedom Steel, Inc. v. Senn Freight Lines, Inc., 2010 WL 395228, *2 (N.D. Ohio 2010). Ohio Rule of Civil Procedure 13 states, in relevant part, as follows:

> **(G) Cross-claim against co-party**. A pleading may state as a cross-claim any claim by one party against a co-party arising out of the transaction or occurrence that is the subject matter either of the original action or of a counterclaim therein or relating to any property that is the subject matter of the original action. Such cross-claim may include a claim that the party against whom it is asserted is or may be liable to the cross-claimant for all or part of a claim asserted in the action against the cross-claimant.

Civ. R. Rule 13(G). Without an existing plaintiff, Kimball and C-Tec cannot be "co-parties" because there is no party to whom Kimball and C-Tec share, or possibly share liability. Moreover, C-Tec fails to plead an "original action" civil file number, further distancing itself from the qualifications of a proper cross-claim. Cross-claim, p. 1. Again, C-Tec appears to want to avail itself of perceived advantages of being a "cross-claimant" when, in reality, C-Tec's pleading cannot serve as a basis for asserting a "cross-claim."

Finally, if C-Tec actually intended to assert a cross-claim or a third-party complaint in an existing action, it needed to request leave of court in order to do so. C-Tec's failure to adhere to the rules governing proper cross-claim and third-party practice evidences C-Tec's own belief that the current action constitutes a new action between C-Tec and Kimball, rather than a cross-claim in an existing action.

> [Rule 13], by its very terms, clearly governs third-party practice with respect to cross-claims between co-parties. Although the rule does not specify time limits in which a party must assert a cross-claim against a party, generally cross-claims require leave of court if not included in a party's answer or amended answer. <u>See, generally</u>, McCormac, Ohio Civil Rules of Practice (1970) 187, Section 8.19. However, leave is to be freely granted as the circumstances warrant. <u>See, generally</u>, Wright and Miller, <u>6 Federal Practice and Procedure</u> (1971) 169-170, Section 1431.

<u>Frazier v. Western Reserve Mutual Casualty Company</u>, 1988 WL 37096 (Ohio App. 10 Dist.).

Likewise, Rule 14, which governs third-party practice, expressly requires leave of court in order for C-Tec to file a third-party complaint against Lexington:

> At any time after commencement of the action a defending party, as a third-party plaintiff, may cause a summons and complaint to be served upon a person not a party to the action who is or may be liable to him for all or part of the plaintiff's claim against him. The third-party plaintiff need not obtain leave to make the service if he files the third-party complaint not later than fourteen days after he serves his original answer. Otherwise he must obtain leave on motion upon notice to all parties to the action…

Civ. R. Rule 14(A). Notably, Rule 14 also contemplates an initial claim by a plaintiff. Just as important, Rule 14 states that a third-party complaint must be included in an answer to a plaintiff's complaint, or the third-party plaintiff must seek leave of court to file the third party complaint. Obviously, C-Tec's initial pleading against Lexington is not part of an answer to some other complaint. Accordingly, C-Tec needs leave of court to even file a third-party complaint.

C-Tec's failure to seek leave of court to file either a cross-claim or a third-party complaint indicates that C-Tec never really intended for the purported "Cross-Claim and Third Party Complaint" to constitute a real cross-claim or third-party complaint. If it had, C-Tec surely would have adhered to proper procedure for bringing these types of claims in some other pre-existing action that involves an actual plaintiff. Instead, C-Tec filed what amounts to a complaint and styled it a "Cross-Claim and Third Party Complaint" ostensibly in order to avail itself of the lax rules of service with respect to cross-claims or for some other undefined purpose. At any rate, Ohio law exposes the "Cross-Claim and Third Party Complaint" for its true identity: a complaint that requires proper service under Ohio Rule of Civil Procedure 4 and 4.2.

### B. C-Tec's Failure to Include a Summons Constitutes Insufficient Process Pursuant to FRCP 12(b)(4)

An objection under Rule 12(b)(4) "concerns the form of the process, rather than the manner or method of its service." 5B Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure*, Section 1353 (3d ed. 2004). A Rule 12(b)(4) motion to dismiss, therefore, "is

proper only to challenge noncompliance with the provisions of Rule 4(b) or any applicable provision incorporated by Rule 4(b) that deals specifically with the content of the summons." Id. As noted in Freedom Steel *supra*, this Court must look to compliance with Ohio's equivalent of FRCP 4, Ohio Rule of Civil Procedure 4, in order to determine whether C-Tec provided Kimball with sufficient process.

After establishing that C-Tec's initial pleading in this matter against Kimball amounts to a complaint, C-Tec must include with the complaint a summons issued by the clerk of the court. See Civ. R. Rule 4. Given that no summons occasioned the alleged service of the Complaint, C-Tec's claims against Kimball must be dismissed for insufficient process pursuant to FRCP 12(b)4).

### C. C-Tec's Failure to Comply with Ohio Rule 4.2 Constitutes Insufficient Service of Process Pursuant to FRCP 12(b)(5)

Rule 12(b)(5) permits a party to raise the defense of insufficiency of service of process in a motion to dismiss; the plaintiff bears the burden of proving that proper service was effected. Frederick v. Hydro-Aluminum S.A., 153 F.R.D. 120, 123 (E.D.Mich.1994). Courts have broad discretion to dismiss an action that involves improper service. Sherer v. Construcciones Aeronauticas, S.A., 987 F.2d 1246, 1247 (6th Cir.1993).

Again, the Court must look to Ohio law in order to establish the sufficiency of service of process. According to Ohio Rule of Civil Procedure 4.2, service can be effectuated on a party such as Kimball only in the following manner: "(J) Upon a professional association by serving the association in its corporate name by certified or express mail at the place where the corporate offices are maintained or by serving a shareholder." Civ. R. Rule 4.2(J). In this case, C-Tec attempted to serve counsel for Kimball at counsel's address. See Complaint, p.23. C-Tec has failed and continues to fail to serve Kimball at its corporate offices or serve a shareholder of

6

Kimball. Moreover, as stated above, the process did not include a copy of any summons. Accordingly, C-Tec's claims against Kimball must be dismissed for insufficient service of process Pursuant to FRCP 12(b)(5).

## IV. **CONCLUSION**

For the foregoing reasons, Kimball respectfully requests that this Court GRANT its Motion to Dismiss and dismiss C-Tec's claims against Kimball.

This 28th day of May, 2010.

        Respectfully submitted,

        MANNION & GRAY CO., L.P.A.


        /s/ Todd A. Gray
        Todd A. Gray
        Ohio Bar No.: 0071568
        Colin P. Moeller
        Ohio Bar No.: 0077976
        1360 E. 9th Street, Suite 1625
        Cleveland, Ohio  44114