**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**


**CLAGGETT & SONS, INC.**

      **Plaintiff,**

                                    **Civil Action 2:10-cv-00462**
**v.**                                   **Judge James L. Graham**

**BOARD OF EDUCATION FOR THE LICKING**
**COUNTY JOINT VOCATIONAL SCHOOL**
**DISTRICT, ET AL.**

      **Defendant/Cross-Claimant/Third Party**
      **Plaintiff**


<u>**ORDER**</u>

This matter is before the court on the motions for attorney's fees filed by Robert Shutt dba R&S Masonry (R&S) (doc. 14) and Board of Education for the Licking County Joint Vocational School District ("C-Tec") (doc.10).  Although the matter was remanded to the Licking County Court of Common Pleas by Order dated December 15, 2010 (doc. 34) the court retained jurisdiction to consider the instant motions.  Supplemental briefings have been filed and the matter is now ripe for consideration.[1]

A brief recitation of the convoluted procedural history of this case is necessary.  On April 10, 2006, Claggett & Sons, Inc. (Claggett) filed suit in the Licking County Court of Common Pleas against the Board of Education for the Licking County Joint Vocational School District

---

[1]Counsel for Kimball notified that court *via* e-mail that it has withdrawn its request for oral argument.

1

("C-Tec") and Kimball Associates, P.A. ("Kimball"), Licking County Case No. 06CV00488. Claggett brought breach of contract and wrongful termination claims against C-Tec arising out of a construction contract.  Claggett asserted tortious interference claims against Kimball.  C-Tec counterclaimed against Claggett and filed a third-party complaint against Claggett's surety, Ohio Farmers Insurance Company (Ohio Farmers).  Claggett then filed third party actions for indemnification against four subcontractors, including third-party defendant R&S which counterclaimed against Claggett.

A three week trial in Licking County Common Pleas Court ended with a verdict in favor of Claggett against C-Tec and Kimball (offset by judgment against Claggett in favor of R& S). The parties engaged in post-trial briefing on various issues.  While the post-trial issues were pending, Claggett, C-Tec and Kimball entered into settlement negotiations. Pursuant to agreement between C-Tec and Claggett, C-Tec agreed to pay Claggett $500,000.00 and assigned to Claggett certain C-Tec claims C-Tec had against Kimball.

On April 30, 2010, pursuant to the terms of settlement, Claggett's counsel, on behalf of C-Tec, filed a cross-claim against Kimball asserting various acts of negligence, breach of contract and indemnification as well as a third-party complaint against Kimball's insurer, Lexingon Insurance Company ("Lexington"). The caption on this pleading initially listed only C-Tec, Kimball and Lexington but an errata sheet filed on May 5, 2010 modified the caption to reflect that Claggett remained a named plaintiff.  This claim was added to the docket of the original Licking County action.

On May 24, 2010, Lexington removed the newly filed cross-claim and third party complaint to the U.S. District Court for the Southern District of Ohio asserting federal

2

jurisdiction on the basis of diversity of citizenship.   On May 27, 2010 C-Tec filed a notice of

voluntary dismissal against Lexington in Licking County and refiled the notice of dismissal in

this court on June 9, 2010.   Also on May 27, 2010, Kimball filed its own notice of removal

based on diversity jurisdiction[2] and  consented to Lexington's notice of removal.

Notwithstanding the notice of removal, matters continued to progress in the Licking County

court, including the holding of status conferences and the entry of a final judgment in August of

2010.

       On June 9, 2010, C-Tec filed another complaint in the Licking County Court of Common

Pleas against Kimball only, case number 2010 CV 00924.  The complaint against Kimball was in

all respects identical to the cross-claim filed in the original action on April 30, 2010.  On June

15, 2010 this complaint was transferred to the docket of Judge Marcelain of the Licking County

Court of Common Pleas who was handling the original action involving these parties.   This

second case was also removed to this court and, as it was related to the first action, was assigned

to the docket of the undersigned judge.  The court recently received notice that this second action

has settled and will be dismissed.

       On June 9, 2010, C-Tec filed a  motion to remand the instant case asserting that

---

[2]       As the court noted in its opinion and order granting the motions to remand, diversity jurisdiction is lacking. When the notice of removal was filed, Claggett and R&S Masonry, both Ohio corporations were parties in the case. C-Tec is considered an Ohio citizen. See, University of Tennessee v. United States Fidelity & Guaranty Co., 670 F. Supp. 1379, 1380 (E.D. TN,1987)(a political subdivision of a state, unless it is simply the arm or alter ego of the state is a citizen of the state for diversity purposes).  Accordingly, there would not be complete diversity of citizenship among the parties. See Curry v. United States Bulk Transp., Inc., 462 F.3d 536, 540 (6th Cir. 2006) (diversity  of citizenship exists only when no plaintiff and no defendant are citizens of the same state).

Kimball's notice of removal was defective because  it was untimely filed, that this court lacked subject matter jurisdiction due to a lack of complete diversity, and that Kimball was bound by the forum selection clause in its contract with C-Tec.  R&S Masonry filed its own motion to remand on June 14, 2010 (doc. 14).   R&S Masonry additionally argued that the matter should be remanded because as a cross-claim defendant, Kimball did not have the ability to remove a state action to federal court.

In opposing the motion for remand, Kimball argued that  the original Licking County case was over when the cross-claim against it was filed and therefore the cross-claim should be treated as a complaint, with Kimball as a defendant, rather than a cross-claim defendant.  In granting the motion to remand, this court noted that Kimball was essentially asking the court "to realign the parties so that removal is possible." (doc. 34). This court declined to do so and held that although the claims had been settled or adjudicated at the time the cross-claim was filed, Kimball remained a cross-claim defendant in that action.  Thus, it had no authority to remove the case. Ford Motor Credit Co. v. Jones, No. 1:07 CV 728, 2007 U.S. Dist. LEXIS 55336 (N.D. Ohio, July 31, 2007)( "In the Sixth Circuit, a cross-claim defendant is not permitted to remove an action"). Finally, the court concluded that it lacked subject matter jurisdiction over C-Tec's cross-claim against Kimball.  At the time the notice of removal was filed, no final judgment had been entered in Licking County and therefore, when the notice of removal was filed, Claggett and R&S, both Ohio corporations were parties in the case. C-Tec is also considered an Ohio citizen. Accordingly, there was not complete diversity of citizenship among the parties. See Curry v. United States Bulk Transp., Inc., 462 F.3d 536, 540 (6th Cir. 2006) (diversity  of citizenship exists only when no plaintiff and no defendant are citizens of the same state).  For all

4

these reasons, the court granted the motion to remand. The court retained jurisdiction to

consider the instant motions for attorney's fees.

      28 U.S.C. §1447(c) authorizes this Court to order the "payment of just costs and any

actual expenses, including attorney fees," incurred as a result of removal. According to the

Supreme Court, "[a]bsent unusual circumstances, courts may award attorney's fees under §

1447(c) only where the removing party lacked an objectively reasonable basis for seeking

removal." <u>Martin v. Franklin Capital Corp.</u>, 546 U.S. 132, 141, 126 S. Ct. 704 (2005). The

decision to award attorney's fees is within the district court's discretion. <u>Consumer Plumbing</u>

<u>Recovery Ctr., Inc. v. Pavillion Mgmt. Co.</u>, 2:07-cv-02764, 2009 U.S. Dist. LEXIS 110565

(W.D. Tenn. Jul. 10, 2009). However, it is an abuse of discretion to deny attorney's fees where

the defendant's argument for removal was "devoid of even fair support." <u>Bartholomew v. Town</u>

<u>of Collierville</u>, 409 F.3d 684**,** 687 (6th Cir. 2005) (citing <u>Ahearn v. Charter Twp.</u>, No. 97-1187,

1998 U.S. App. LEXIS 13445 (6th Cir. June 18, 1998)).

      At the time Claggett/C-Tec filed its cross-claim against Kimball, the original action in

Licking County was nearly complete. A three week trial had concluded with a verdict in favor

of Claggett and the parties were in the midst of filings relating to pre-judgment and post-

judgment interest. (see doc. 14-1). While the Licking County case was wrapping up, but before

a final judgment was entered, C-Tec filed a new complaint against Kimball and its insurer

Lexington Insurance. This new complaint did not reference the pending Licking County action.

Within a few days, C-Tec (by and through Claggett) filed an errata sheet and new caption, that

indicated that the new complaint was actually a cross-claim and third party complaint in the

original case. The cross-claim against Kimball was based on the contract between C-Tec and

Kimball for the construction services that formed the dispute at the heart of the original action.

Although it is clear that a cross-claim defendant cannot remove a case, in this instance the procedural posture of the parties was confusing.  After trial and settlement a complaint was filed against Kimball, by C-Tec, raising new claims that were never before raised by C-Tec. Neither Claggett nor C-Tec sought permission from the Licking County Court to file a cross-claim against Kimball or a third party complaint against Lexington. See Ohio R. Civ. P. 13; 14. Given the fact that the original case had already been tried and settled, and that C-Tec filed a new complaint without reference to the original action and then re-filed that complaint as cross-claim, and that C-Tec and Claggett failed to seek leave to file the cross-claim and third party complaint, it was reasonable for Kimball to believe that C-Tec was attempting to start an entirely new action.  Such action would have made Kimball a defendant, giving it the right of removal under 28 U.S.C. §1446(b).  As the cross-claim and third-party complaint did not reference R&S Masonry, Kimball had an objectively reasonable basis for believing that diversity jurisdiction was present.

Given the unusual circumstances of this case, the court cannot conclude that Kimball's argument for removal was "devoid of even fair support." Caudill v. James River Coal Serv. Co., No. 6:06-386-DCR, 2007 U.S. Dist. LEXIS 4536 (E.D. Ky Jan. 22, 2007).  Kimball had an objectively reasonable basis for pursuing removal of the cross-claim against it.  Accordingly, the court denies the motions for attorney's fees. See, Capitalsource Finance, LLC v. THI of Columbus, Inc., 411 F. Supp. 2d 897 (S.D. Ohio, 2005) (declining to award attorney's fees and costs even though motion to remand was successful).

**IV.      Conclusion**

The motions to for attorney's fees and costs filed by C-Tec  and R&S Masonry are

DENIED.

IT IS SO ORDERED.

S/ James L. Graham
James L. Graham
UNITED STATES DISTRICT COURT

Date: December 20, 2011